# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARLANA TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNDER ARMOUR RETAIL OF ) <br> MISSOURI, LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Under Armour Retail of Missouri, LLC[1] appears for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Marlana Taylor v. Under Armour Retail of Missouri, LLC*, Case No. 17CT-CC01209, currently pending in the Circuit Court of Christian County, Missouri. Under Armour removes this case on grounds of diversity jurisdiction under 28 U.S.C. § 1441. In support of its Notice of Removal, Under Armour states:

1. Plaintiff commenced the above-captioned action in the Circuit Court of Ray County, Missouri on November 22, 2017, by filing her Petition in the case styled *Marlana Taylor v. Under Armour Retail of Missouri, LLC*, Case No. 17CT-CC01209.

2. Plaintiff's Petition purports to assert claims for disability discrimination and retaliation under the Missouri Human Rights Act ("MHRA").

3. Plaintiff served Under Armour with a summons and a copy of the Petition on December 11, 2017.

---

[1] Defendant Under Armour Retail of Missouri, LLC did not employ Plaintiff. Plaintiff was employed by Under Armour Retail, Inc., the sole member of Under Armour Retail of Missouri, LLC. However, as explained in greater detail, substitution of entities would have no impact on diversity jurisdiction.

4. A copy of the Court file is attached as Exhibit A to this Notice of Removal.

5. Under §§ 1441 and 1446, removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading. Under Armour is timely filing this removal, within 30 days of service.

## Diversity of Citizenship

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction between the parties.

7. According to Plaintiff's Petition, she is a resident of Christian County, Missouri. Pet. ¶ 1.

8. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

9. Here, Under Armour Retail, Inc. is the sole member of Defendant Under Armour Retail of Missouri, LLC. Ex. B, Declaration.

10. Under Armour Retail, Inc. is incorporated in Maryland. Further, Under Armour Retail, Inc.'s principal place of business is in Baltimore, Maryland, where it is headquartered. Ex. B, Declaration; *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is generally where its headquarters is located). Because Under Armour Retail, Inc. is incorporated under Maryland law and has its principal place of business in Maryland, it is a citizen of Maryland for diversity purposes.

11. Because Under Armour Retail, Inc. is Under Armour Retail of Missouri, LLC's sole member, Defendant Under Armour Retail of Missouri, LLC is a citizen of Maryland for diversity purposes.

## Amount in Controversy

12. Although Plaintiff does not plead a specific amount of damages, the amount in controversy claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

13. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

14. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15. Plaintiff's alleged damages include "an award of back pay, and including lost benefits, costs of living increases and other benefits including interest," "front pay," "future pecuniary losses," "damages for emotional pain, suffering inconvenience and mental anguish and loss of enjoyment of life," punitive damages, and "reasonable attorneys' fees."

16. While Plaintiff makes no specific monetary demand in her Petition, precedent establishes that the Court is not bound by amounts stated in the Petition when determining the amount in controversy. *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding "[a]ny amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present); *see also Rodgers v. Wolfe*, No. 4:05 CV 01600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (holding "the amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant.")

17. The MHRA contains no cap for backpay damages. Mo. Rev. Stat. § 213.111.4. Other damages, including punitive damages but excluding backpay damages, are capped between $50,000 and $500,000, depending on the size of the employer. *Id.* There is not, however, any cap on attorneys' fees. *Id.* Fee awards in Missouri employment discrimination cases can exceed $75,000 by themselves:

- *Lawrence v. CNF Transp.*, No. 4-99-CV-00794-HFS, Doc. 124 (W.D. Mo. Mar. 12, 2002) (order awarding plaintiff $83,081.00 in attorneys' fees as prevailing party in discrimination case);

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case).

18. In this lawsuit, Plaintiff is requesting lost wages, front pay, emotional distress damages, punitive damages, and attorneys' fees. Reading her Petition as a whole, this case clearly involves an amount in controversy exceeding $75,000.00.

**Conclusion**

19. As noted in the paragraphs above, Under Armour is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00.

20. Under §§ 1332, 1441(a) and 1446(a), and Local Rule 3.2, the United States District Court for the Western District of Missouri is the appropriate court for removing an action from the Circuit Court of Christian County, Missouri, where this action was filed.

21. Promptly upon filing this Notice of Removal, Under Armour shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Christian County, Missouri

WHEREFORE, Under Armour gives notice that this action is removed from the Circuit Court of Christian County, Missouri, to the United States District Court for the Western District of Missouri.

Respectfully submitted,

s/ R. Evan Jarrold
Nicholas J. Walker, MO Bar #56825
R. Evan Jarrold, MO Bar #64936
CONSTANGY, BROOKS, SMITH &
 PROPHETE, LLP
2600 Grand Blvd., Suite 750
Kansas City, MO 64108
Telephone: 816.472.6400
Facsimile: 816.472.6401
nwalker@constangy.com
ejarrold@constangy.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was served via First Class mail, postage prepaid, on this 10th day of January 2018, on the following:

Brett A. Schneider
205 Park Central East, Ste. 201
Springfield, MO 65806
**ATTORNEYS FOR PLAINTIFF**

s/ R. Evan Jarrold
**Attorney for Defendant**